

June 29, 2026

**<u>VIA ACMS</u>**

Clerk of Court
United States Court of Appeals
for the Fifth Circuit

*Re: Knife Rights, Inc. v. Blanche, No. 25-10754*

Dear Clerk:

Pursuant to Federal Rule of Appellate Procedure 28(j), Plaintiffs-Appellants respectfully submit that the Supreme Court's recent decision in *United States v. Hemani,* No. 24-1234 (608 U.S. \_\_\_, June 18, 2026), supports reversal.

First, *Hemani* reinforces that the threshold Second Amendment inquiry is straightforward. The Supreme Court asked whether the challenged law burdened conduct covered by the Second Amendment's text and, once that question was answered in the affirmative, the Court placed the burden on the government to justify the challenged regulation with historical arms regulations consistent with the Nation's historical tradition of arms regulation. Slip op. 4–5. *Hemani* did not require a

2647 Gateway Road
Suite 105, No. 255
Carlsbad, California 92009

T  760.642.7150
F  760.642.7151

Dillonlawgp.com

Clerk of Court
Page 2

preliminary showing that the regulated arms were sufficiently common for self-defense, particularly suitable for lawful purposes, or otherwise deserving of constitutional protection before shifting the burden.

Here, the Federal Switchblade Act ("FSA") prohibits the manufacture, transportation, distribution, acquisition, and possession of bearable arms. As Plaintiffs-Appellants explained, that conduct is presumptively protected, and the burden therefore shifts to the government. Appellants' Br. 49–59. *Hemani* confirms that approach. Slip op. 4.

Second, *Hemani* emphasized that historical analogues must be evaluated based on both their "purpose and operation." Slip op. 5. *Hemani* underscores the importance of precision when considering analogous historical arms regulations. That principle undercuts the government's primary reliance on nineteenth-century concealed-carry restrictions. See Appellees' Br. 14–18. In operation, those laws generally regulated *only* the manner in which arms could be carried while leaving acquisition, ownership, possession, and open carry intact. The FSA, by contrast, broadly prohibits the manufacture, transportation, and

Clerk of Court
Page 3

distribution of switchblades in interstate commerce and criminalizes possession entirely in vast portions of the United States. Because the historical laws cited by the government operated in a fundamentally different manner than the FSA, *Hemani* confirms that they are not "relevantly similar" analogues under *Heller*, *Bruen* and *Rahimi.*

Sincerely,

*/s/ John W. Dillon*

John W. Dillon
of
Dillon Law Group APC

*Counsel for Plaintiffs-Appellants*

cc: All counsel of record via ACMS