

June 29, 2026

**<u>VIA ACMS</u>**

Clerk of Court
United States Court of Appeals
for the Fifth Circuit

*Re: Knife Rights, Inc. v. Blanche, No. 25-10754*

Dear Clerk:

Pursuant to Federal Rule of Appellate Procedure 28(j), Plaintiffs-Appellants respectfully submit the Supreme Court's recent decision in *Wolford v. Lopez*, No. 24-1046 (U.S. June 25, 2026), which supports reversal.

First, *Wolford* reiterates *Bruen*'s plain-text inquiry. The Court explained that the first step asks whether the challenged law applies to "the people" — "all members of the political community" — and restricts the "keep[ing]" — "possession" — or "bear[ing]" — "carrying" — of "Arms" — "weapons customarily used for offensive or defensive purposes." Slip op. at 7. Moreover, the Court confirmed "Arms" "refers to implements used for offense or defense." *Id.*, at 3. If the challenged law falls within

2647 Gateway Road
Suite 105, No. 255
Carlsbad, California 92009

T  760.642.7150
F  760.642.7151

Dillonlawgp.com

that plain text, it is presumptively unconstitutional and the burden shifts to the government to establish consistency with this Nation's historical tradition of arms regulation. *Id.*, at 7–9. *Wolford* thus confirms that the Federal Switchblade Act burdens protected conduct because it restricts the possession, manufacture, transportation, distribution, and acquisition of bearable arms.

*Second, Wolford* reiterates and clarifies *Bruen*'s historical methodology. The Court explained that, except where a challenged law addresses "distinctively modern" circumstances requiring the more nuanced analogical inquiry described in *United States v. Rahimi*, courts apply *Bruen*'s straightforward historical inquiry. Slip op. at 7–9. Under that framework, the government must identify historical analogues that were widespread, well accepted, and relevantly similar to the challenged law in both "how" and "why" they burdened the right to keep and bear arms. *Id.*

Third, applying that framework, the Court rejected Hawaii's historical analogues because they differed materially from the challenged law in both purpose and operation. Slip op. at 19–24. The same reasoning

Clerk of Court
Page 3

applies here. The Attorney General principally relies on nineteenth-century concealed-carry laws and related regulations governing concealable weapons. But those laws regulated only one manner of carrying arms while generally leaving their acquisition, manufacture, sale, transfer, possession, and open carry intact. By contrast, the Federal Switchblade Act broadly prohibits the manufacture, transportation, distribution, and principal means of acquiring switchblade knives in interstate commerce and criminalizes possession throughout vast portions of the United States.

Sincerely,

*/s/ John W. Dillon*

John W. Dillon
of
Dillon Law Group APC

*Counsel for Plaintiffs-Appellants*

cc: All counsel of record via ACMS