

**U.S. Department of Justice**
Civil Division, Appellate Staff
950 Pennsylvania Ave. NW, Rm. 7260
Washington, D.C. 20530-0001

Tel: (202) 514-3388

July 9, 2026

**By CM/ECF**

Lyle W. Cayce, Clerk of Court
U.S. Court of Appeals for the Fifth Circuit
F. Edward Hebert Building
600 S. Maestri Place
New Orleans, LA 70130-3408

      Re:    *Knife Rights v. Blanche*, No. 25-10754
              (oral argument held April 1, 2026)

Dear Mr. Cayce:

I write in response to plaintiffs' letters discussing the Supreme Court's recent decisions in *United States v. Hemani*, 146 S. Ct. 1677 (2026), and *Wolford v. Lopez*, No. 24-1046, 2026 WL 1825723 (U.S. June 25, 2026). Neither of those decisions meaningfully affects the arguments that the government has made in this case, which involve restrictions on automatic switchblade knives. At its core, this case involves a question about which weapons the Second Amendment covers. By contrast, *Hemani* and *Wolford* dealt with conceptually distinct questions: *Hemani* involved the question of who is entitled to possess firearms, while *Wolford* involved the question of how the government may regulate where firearms are possessed. The Court's analysis of those distinct questions provides little guidance here beyond the guidance already provided by *Bruen* and *Rahimi*. And as the government has already explained, application of the *Bruen* and *Rahimi* framework here leads to the conclusion, based on "two relevant interrelated historical traditions," that automatic switchblades "are not entitled to Second Amendment protection." Br. 10; *see also* Br. 10-28.

Moreover, plaintiffs' repeated insistence that the historical traditions identified by the government are not relevantly analogous to the restrictions at issue here, *Hemani* Ltr. 2-3; *Wolford* Ltr. 2-3, is simply a recapitulation of the arguments they have already made in their briefs. The government has already explained why those arguments are incorrect. *See* Br. 24-28. And plaintiffs overread *Wolford* to the extent that they contend it strictly requires the government to "identify historical analogues" that meet certain characteristics. *Wolford* Ltr. 2. To the contrary, *Wolford* makes clear (consistent with *Bruen* and *Rahimi*) that the relevant bottom-line question is simply whether the "challenged law" "infringe[s] the historical understanding of the codified right"—and that a "variety of sources, including scholarship, may aid this inquiry." 2026 WL 1825723, at *6. The government has thus properly relied here not only on "widespread, well accepted, and relevantly similar" historical statutes, *Wolford* Ltr. 2, but also on historical caselaw, precedent, and historical and modern scholarship to establish the relevant historical traditions.

Sincerely,

/s/ Sean R. Janda
SEAN R. JANDA
   Attorney
   Civil Division, Appellate Staff
   U.S. Department of Justice
   950 Pennsylvania Avenue NW
   Room 7260
   Washington, D.C. 20530
   (202) 514-3388