

July 23, 2026

**VIA ACMS**

Clerk of Court
United States Court of Appeals
for the Fifth Circuit

*Re: Knife Rights, Inc. v. Blanche, No. 25-10754*

To the Clerk:

Pursuant to Fed.R.App.P. 28(j), Plaintiffs-Appellants respectfully submit the Third Circuit's recent decision, *Association of New Jersey Rifle and Pistol Clubs, Inc. v. Attorney General New Jersey*, Nos. 24-2415, 24-2450 and 24-2506 (3d Cir. July 17, 2026) (*en banc*). The decision bears directly on issues in this appeal.

Applying *Bruen*, *Rahimi*, *Hemani*, and *Wolford*, the Third Circuit held unconstitutional New Jersey's ban on commonly possessed semiautomatic rifles and magazines capable of holding more than ten rounds.

The Third Circuit held that *Bruen* step one asks whether a law restricts "Arms," defined by *Wolford* as "any weapon customarily used for

2647 Gateway Road
Suite 105, No. 255
Carlsbad, California 92009

T 760.642.7150
F 760.642.7151

Dillonlawgp.com

Clerk of Court
Page 2

offensive or defensive purposes." Slip op. 32–34. "Common use has no bearing on" that definition; "customarily" describes how an object is normally used—as a weapon—rather than how numerically common it is. *Id.* at 32–33 and n.22. This supports Plaintiffs-Appellants' argument that switchblades—indisputably weapons designed and customarily used for offensive or defensive purposes—are "Arms" within the Second Amendment's plain text. Reply Br. 2–3, 10.

The court also expressly placed "common use" at *Bruen*'s second, historical, step because whether a law restricts a commonly used arm is necessarily part of "how" it burdens the right and determines whether proposed historical analogues are relevantly similar. Slip op. 32–34. It further held that arms "in common use for lawful purposes" cannot be "dangerous and unusual," and common use encompasses lawful purposes beyond self-defense and is measured in today's terms. *Id.* at 27–29. Plaintiffs-Appellants introduced unrebutted evidence that switchblades are lawfully possessed in the millions. Reply Br. 5, 18–19.

The Third Circuit also rejected the same Bowie-knife analogues relied upon here. Most of these laws merely restricted concealed carry;

Clerk of Court
Page 3

only one state prohibited possession, and its Supreme Court held that prohibition unconstitutional except as to concealed carry. Slip op. 49–52. Those laws could not justify "a ban on an entire class of arms in common use for lawful purposes." *Id.* at 48–52. Likewise, concealed-carry regulations cannot justify Sections 1242 and 1243's prohibitions on acquisition, manufacture, sale, and possession. Reply Br. 23–30.

Sincerely,
*/s/ John W. Dillon*
John W. Dillon
of
Dillon Law Group APC

*Counsel for Plaintiffs-Appellants*

cc: All counsel of record via ACMS